UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK LAVAR ELLIOTT, #01877025, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-1056 |
| | § | |
| DENISE COLLINS, | § § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff, currently in custody at the Harris County Jail, has filed this section 1983 lawsuit *pro se* against the trial judge in his criminal case. (Docket Entry No. 1). Based on a careful review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court **DISMISSES** this lawsuit as frivolous and for failure to state a claim as outlined below.

**I.    BACKGROUND**

Plaintiff discloses that he was charged with failing to register as a sex offender in case number 1499861, in the 208th Judicial District Court of Harris County, Texas, and was held without bond for thirteen and a half months. *See* Docket Entry No. 1 at 1. Plaintiff alleges further that he was "found innocent" on March 29, 2017. *Id.*

Public court records indicate that case number 1499861 was dismissed because Plaintiff was convicted of evading arrest in case number 1499673 and was sentenced to fourteen months imprisonment in state jail for that offense. *See State v. Elliott*, Harris County cause no. 1499861, at Motion to Dismiss (208th Dist. Ct. Mar. 29, 2017); *State v. Elliott,* Harris County cause no. 1499673, at Judgment of Conviction (208th Dist. Ct. Mar. 29, 2017). He now brings a section 1983 claim for false imprisonment against the Honorable Denise Collins, the presiding judge of

the 208th Judicial District Court of Harris County, who presided over criminal case number 1499861. *Id.*

## II. ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*; *see also* 28 U.S.C. § 1915A. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's claim against Judge Collins fails as a matter of law because judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers* 31 F.3d 279, 284 (5th Cir. 1995); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Allegations of bad faith do not overcome judicial immunity, *id.*, and neither do allegations of procedural errors. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Judicial immunity is overcome only when the

complained-of acts were not taken in the judge's judicial capacity, or when they were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Plaintiff generally alleges that Judge Collins falsely imprisoned him because his case was eventually dismissed. There is no indication that Judge Collins acted outside of her jurisdiction; all of the allegations concern judicial acts taken in her official capacity. *Id.* Accordingly, Judge Collins is entitled to judicial immunity, and Plaintiff's claims against her must be dismissed.

### III. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** that plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b).

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal by email to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at Three_Strikes@txs.uscourts.gov.**

The Clerk of Court will provide a copy of this Order to all the parties of record.

SIGNED at Houston, Texas, this 19th day of April, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE